ELIJAH B. COBB v. ROSAMOND M. COOK ET AL.

*Bill to reach lands must be based upon title.*

A bill in equity to reach lands of which complainant claims to have been defrauded cannot be sustained where complainant does not prove any title. And the defect cannot be cured by proof that defendant, after bidding in the lands at an execution sale against complainant, had verbally agreed to hold them for him, such a parol trust being void under Comp. L., §§ 4120, 4714.

Appeal from Eaton. Submitted June 16. Decided June 21.

BILL to set aside deed. Complainant appeals. Affirmed.

*George W. Mead* for complainant.

*E. A. Foote* for defendant.

COOLEY, J. This is a bill in equity to reach lands of which complainant claims he has been defrauded by one Jacob B. Cook, under whom defendants claim. A fatal defect in complainant's case is, that he does not prove any title whatever.

It is sought to avoid this objection by proof showing that the lands were sold on execution against complainant and bid in by Cook, who agreed to hold them for complainant. But this evidence only made out a parol trust, which was void under the statute. Comp. L., §§ 4120, 4714.

The decree is affirmed with costs.

GRAVES, C. J. and CAMPBELL, J. concurred.