## The Iowa State Savings Bank v. Ann Coonrod, Appellant.

**Deed as Mortgage:** EVIDENCE. A sheriff's deed on foreclosure will
1    not be construed to be an equitable mortgage, even though the grantee agreed that the foreclosed parties could redeem by paying the amount due, with interest, where they continued in possession for nine years under leases, by which they agreed to pay money rent for the land, during which they made charges for improvements to the land, such leases containing nothing from which could be inferred any claim of equitable ownership, by them, to the land

**SAME.** A deed absolute on its face will be construed to be a mort-
2    gage, only, on the most clear and satisfactory proof that it was intended by the parties as security for the payment for money, the courts in such cases not being limited to the instrument itself, but looking to the whole circumstances of the transaction.

*Appeal from Audubon District Court.*—HON. N. W. MACY, Judge.

### THURSDAY, JANUARY 30, 1896.

THE plaintiff commenced this action to recover a balance of rents due upon a written lease of certain farm lands in Audubon county. The defendant filed an answer and cross petition in equity, by which she sought to establish an equitable mortgage lien upon the land. The cause was heard as in equity, upon the issue made in the cross petition, and the district court determined that the defendant failed to establish any interest in the land. The defendant appeals.— *Affirmed.*

*Theo. F. Myers* and *F. E. Brainard* for appellant.

*Andrews & Hanna* for appellee.

Rothrock, C. J.—The plaintiff bank is located at Burlington, in this state; and the defendant and her husband, S. D. Coonrod, formerly resided in that vicinity. The husband was a customer of the bank, and became indebted to it. He had no property clear of incumbrances, and the bank took second mortgages on the land in controversy, and other lands in Audubon county. As to one or two tracts, the security taken was not in the form of mortgages, but the taking up of contracts, made by S. D. Coonrod, for the purchase of land. These transactions commenced in the year 1876, and in the year 1879. Coonrod was indebted to the bank in the sum of nearly seven thousand dollars, and all of that sum was a lien upon the land, either by mortgages made directly to the plaintiff, or by the buying in of prior liens, for the purchase money of the land. The plaintiff commenced an action on one of its mortgages, and a decree of foreclosure was entered, August 31, 1879. A special execution was issued, and the land was sold thereon, to the plaintiff, and in pursuance thereof, a sheriff's deed was made to the plaintiff. This proceeding involved most of the land upon which the plaintiff had liens. One or two other foreclosures were had upon contracts taken up by the plaintiff, but they need not be specially mentioned. Indeed, it is unnecessary to make any further statement of facts, than that S. D. Coonrod, in 1878, conveyed to his wife whatever interest he had in that part of the land now in controversy. The sole question to be determined is whether the deed, under the foreclosure above mentioned, should be held, under the evidence, to be an equitable mortgage. The defendant sets forth her claim, in her

cross petition, as follows: "That about the year 1879, the said S. D. Coonrod, being financially embarrassed, the said S. D. Coonrod and defendant entered into the following agreement, with and at the request of plaintiff, to-wit: That plaintiff should foreclose the $1,000 mortgage, hereinbefore mentioned, and should obtain a sheriff's deed, under such foreclosure, to the lands included in said mortgage, and should hold said lands in trust for this defendant, and the rents and profits of said land were to be applied as follows: First, to the payment of eight per cent. annual interest on the entire debt of the said S. D. Coonrod, to plaintiff, and the balance, if any, toward the extinguishment of said debt. And it was further agreed, that when an advantageous sale of said land could be made, that same should be sold by plaintiff, and all of the proceeds of such sale, over and above the indebtedness of said S. D. Coonrod, to plaintiff, with eight per cent. annual interest thereon, should be paid to this defendant. And it was also agreed that this defendant should have the privilege and right to redeem said land, or any portion thereof, not sold by plaintiff, at any time she saw fit so to do, before all of said lands had been sold by plaintiff." The plaintiff obtained its sheriff's deed to the land on the twenty-eighth day of February, 1881, and this action, to recover for the rent of the land, was commenced on the fifteenth day of February, 1892. During all that time, or for nine successive years, up to and including the year 1890, the plaintiff and the defendant entered into written leases, by which the defendant agreed to pay a money rent to the plaintiff for the use of the land. There is not one word in all these leases, from which it can be inferred that the defendant claimed any legal or equitable ownership in the land, or in the proceeds of the sale of it, by the plaintiff, in case such sales should be made. And, during that time, defendant made

charges against plaintiff ، for improvements on the land, and some of them were paid. All of these leases, and the acts of the parties under them, are absolutely inconsistent with any other conclusion, than that the parties regarded the plaintiff as the absolute owner of the land. The claim that the plaintiff held the land in trust, for the defendant, is founded upon oral declarations and statements, claimed to have been made by the officers of the bank, and by letters written by the cashier of the bank to S. D. Coonrod, and by Coonrod to the cashier, and by letters written by the cashier to H. W. Hanna. The evidence of oral declarations and statements is in such conflict that a court of equity would not be justified in finding therefrom that the sheriff's deed was intended as a mortgage. One witness, who is probably as well informed on the subject as any other person, and who collected the rents of the land, testified that S. D. Coonrod "admitted at all times that the mortgage foreclosed by plaintiff, on which the deed was issued, was a legitimate debt, and that the lands in controversy were the lands of plaintiff, and that they had the absolute title thereto."

The district court made special findings, which we think correctly set forth the ultimate facts, as established by the evidence. The findings are as follows; "(1) That in the foreclosure proceedings against the premises, for the rent of which plaintiff seeks to recover, and the sales thereunder, there was no fraud or imposition practiced by plaintiff upon the defendant, or upon her husband; the plaintiff at that time, and prior thereto, holding valid and unpaid mortgages thereon. (2) That the evidence fairly shows that the plaintiff designed and proceeded to foreclose certain of its mortgages upon said premises, but did not desire to become the owner of the same

for the purpose of speculation, and was willing and
offered to sell said premises to defendant's husband,
or to the defendant herself, or to another, or to permit
the same to be sold, upon such terms, in case no
redemption was made, whereby the plaintiff could be
reimbursed for all claims held by it, including inter-
est, costs, and expenses, together with taxes and liens
against the land, and that any sum above such an
amount the defendant's husband or herself should
have the benefit of. (3) That during the time allowed
for redemption the defendant and her husband aban-
doned the design to redeem from the sales under the
plaintiff's foreclosure proceedings, and so notified
plaintiff, and permitted the premises to go to deed
with the intention, if they were able, to repurchase .a
part or all of the same, upon such terms as would
reimburse plaintiff as aforesaid and leave something
for them. (4) That in pursuance of such conclusion,
and the conditional offer to sell, the defendant and
her husband remained in possession of said premises
after the same had gone to deed, and thereafter cer-
tain written leases therefor were entered into, but
that the evidence fails to show that the deeds to
plaintiff, and the leases for said premises, are in law a
mortgage, or that the relation of mortgagor and
mortgagee existed between the plaintiff and defend-
ant after the expiration of the time to redeem, or
that either so regarded the transaction." It is to be
conceded that there are some letters written by the
cashier of the bank, after it acquired title by the deed,
to the effect that the bank did not want more than
was justly due to it; but there is no evidence that the
parties understood the transaction as a mortgage, or
mere pledge for the payment of the mortgage debt.
It is a familiar doctrine of the law that any convey-
ance of lands which is intended merely as a security
for the payment of money, will be regarded in equity

as a mortgage; and that in such cases the courts are not limited to the written instrument executed by the parties, but all the facts and surrounding circumstances will be taken into consideration. But where it is sought to show that an absolute conveyance by deed was intended by the parties as a mortgage or lien for the payment of money, the character of the instrument and that the deed was intended as a mortgage, must be shown by clear and satisfactory evidence. These principles have been so long established that no citation of authorities need be made in their support. And it is sufficient to say that, in all the cases cited by appellant, not one of them holds that such a transaction as this is shown to be by the evidence, should be regarded as an equitable mortgage. The case, in its facts, is more nearly like that of *Dunn v. Zwilling*, 94 Iowa, 233 (62 N. W. Rep. 746), than any to which our attention has been directed. We held that the transaction involved in that case created an express trust, and that it could be established only by deed, as provided in section 1934 of the Code. We do not dispose of this case upon that ground, for the reason that the evidence fails to show that there was a resulting or implied trust, as claimed by the defendant. The judgment of the district court is AFFIRMED.