E. J. McBain, Appellant, v. Nels O. Sorensen et al., Appellees.

No. 46771.

November 13, 1945.

Wright & Kistle and Addison G. Kistle, all of Council Bluffs, for appellant.

Alan Loth, of Fort Dodge, and White & White, of Harlan, for Metropolitan Life Insurance Company, and Bennett Cullison, of Harlan, for the Sorensens, appellees.

MILLER, C. J.—Plaintiff's petition asserted: On November 21, 1922, defendant Sorensen made and delivered to Annis & Rohling Company a note in the sum of $13,000, secured by a mortgage on the NW¼ of Section 16, Township 78, Range 37, Shelby County, Iowa, which mortgage was recorded January 19, 1923; thereafter, on January 24, 1923, Annis & Rohling Company assigned and transferred said note and mortgage to defendant Metropolitan Life Insurance Company; in truth and in fact, the Metropolitan purchased only $12,000 of the $13,000 principal of said note and Annis & Rohling Company retained and reserved to itself $1,000 thereof; thereafter, Annis & Rohling Company sold and assigned to plaintiff McBain the $1,000 interest in the debt; the Metropolitan thereby became trustee for Annis & Rohling Company of the $1,000 interest in said note and mortgage and owed a duty to retain and preserve the interest of Annis & Rohling Company in said note and mortgage and, by virtue of the assignment to plaintiff, he succeeded to the rights of Annis & Rohling Company and is entitled to a foreclosure of the mortgage securing the same; the Metropolitan endeavored to foreclose the mortgage and, subject to the lien of plaintiff's interest, has acquired title to said real estate and holds the same subject to plaintiff's interest in said mortgage and owes a duty to account as a trustee to plaintiff for his said interest therein; on November 21, 1922, Sorensen executed a note and mortgage to Annis & Rohling Company, the mortgage being on real estate in Section 11, Township 78, Range 37, Shelby County, Iowa, which note has been paid and Annis & Rohling Company executed a partial release of said mortgage, which partial release recognized and preserved the lien in favor of plaintiff of his interest in the $13,000 mortgage aforesaid. The prayer of the petition was that plaintiff have judgment for $1,000 with interest and costs against all of the defendants; that the Metropolitan be decreed to be a trustee for plaintiff

and be required to account to plaintiff as such, and that the lien of plaintiff's debt and the mortgages securing the same be foreclosed.

To the foregoing petition the Metropolitan filed an answer and cross-petition which admitted various allegations of the petition and denied others. Regarding the agreement between the Metropolitan and Annis & Rohling Company at the time of the assignment of the $13,000 mortgage, the answer asserted that an agreement in writing was executed and appended to the $13,000 note, reading as follows:

"This note to the extent of $12,000 of principal debt is hereby assigned to Metropolitan Life Insurance Company, without recourse, Annis & Rohling Company retaining $1,000.00 of the principal debt as a junior lien, without right of priority or interest in the mortgage securing said indebtedness except upon the actual purchase of the entire debt thereby secured. Annis & Rohling Company, [Signed] X. W. Kynett, Secretary. Dated: January 29, 1923."

The answer of the Metropolitan asserted that, by virtue of the written agreement between the parties, the $1,000 interest retained and reserved by Annis & Rohling Company and any lien therefor was junior and inferior to the lien of the Metropolitan to secure the $12,000 indebtedness owed by Sorensen to defendant. The answer further asserted: In May 1934 the Metropolitan commenced foreclosure of the $13,000 note and mortgage, asserting its lien for $12,000 and accumulations of interest and taxes as a first lien on the quarter section in Section 16 aforesaid and asked for foreclosure of said lien; Annis & Rohling Company and Sorensen were made parties to the foreclosure; in May 1939 final decree was entered, establishing the rights of the Metropolitan as a first lien on the real estate and foreclosing such lien; the land was sold accordingly and was purchased by the Metropolitan for less than the sum owing it on its $12,000 paramount debt; no redemption was made, sheriff's deed issued, and the Metropolitan is now the absolute owner of said quarter section; said decree is a final and conclusive adjudication of the rights that plaintiff is attempting to assert and he is estopped thereby. The answer

prayed that plaintiff's action be dismissed. The cross-petition asked that title be quieted in the Metropolitan to said quarter section.

The answer of Sorensen also asserted that the foreclosure was an adjudication of plaintiff's claims herein. There were other pleadings filed which it is not necessary to here recite. The record consisted primarily of stipulations and documentary exhibits. The oral testimony was meager. The facts are not in dispute and counsel so state in their arguments before this court. The court found the following facts to be established:

"1. November 21, 1922, Nels O. Sorensen, being the owner of the Northwest Quarter of Section 16, Township 78, Range 37, Shelby County, Iowa, executed a note for $13,000 to the order of Annis & Rohling Company, secured by a mortgage on said land running to said Company, which mortgage was duly recorded. The note matured by its terms October 1, 1932, and interest was payable annually thereon.

"2. In January, 1923, the above note was endorsed by the payee, and the mortgage assigned in writing to the Metropolitan Life Insurance Company. The assignment [was] properly recorded. With the endorsement and assignment, there was also delivered to said Insurance Company a writing, kept on or with the note, reading as follows:

" 'Nels O. Sorensen Loan. This note to the extent of $12,000 of principal debt is hereby assigned to Metropolitan Life Insurance Company, without recourse, Annis & Rohling Company retaining $1,000.00 of the principal debt as a junior lien, without right of priority or interest in the mortgage securing said indebtedness except upon the actual purchase of the entire debt thereby secured.

Dated: January 29, 1923. Annis & Rohling Company

[Signed] X. W. Kynett, Secretary.'

"The quoted paper was not recorded, and Sorensen never knew of it, or the arrangement it indicates, then or thereafter.

"3. Sorensen paid interest on the $13,000 note until about 1933 to Annis & Rohling Company, who in turn remitted 12/13 of the interest as received to the Metropolitan, and retained the balance.

"4. About November 21, 1922, Sorensen executed to Annis & Rohling Company a commission note, copied in Paragraph X of the plaintiff's petition herein; and a commission mortgage on other land (in Section 11–78–37) to secure it. This commission mortgage was recorded. It was junior to a first mortgage also executed by Sorensen to Annis & Rohling Company and by it separately and fully assigned to the Metropolitan Life Insurance Company, which has since been paid and is not involved here.

"5. Sorensen paid the commission note and Annis & Rohling Company filed a release of the commission mortgage so far as it secured said note. The release purported to reserve that mortgage as security for the $13,000 note. There is no showing that, if Sorensen knew of the reservation in this release, that he was a party to it or consented thereto.

"6. The commission mortgage states that it is 'to secure the payment of said note and any other indebtedness owing to the *mortgagor*,' and that 'the mortgagor shall well and truly pay or cause to be paid each installment of said note and all other indebtedness that may now be or hereafter owing by either of us to the mortgagee or assigns on any account whatever.'

"7. May 9, 1936, the Metropolitan Life Insurance Company began a foreclosure suit, No. 10581 of this court, filing its petition which was indexed as a lis pendens. The defendants thereto included Sorensen and Annis & Rohling Company. Sufficient original notices were served on each of these defendants. Annis & Rohling Company had both knowledge and notice of the contents of the petition and the original notice. The petition may be sufficiently described here by stating that it claimed only $12,000 as the principal unpaid on the mortgage, and sought judgment and decree of foreclosure against the land in Section 16 for that sum alone, plus interest and costs. It made no claim for the other $1,000; and alleged unequivocally that any interest lien or claim of Annis & Rohling Company was junior and inferior to the rights of the Metropolitan.

"8. The $1,000 of principal for which the Metropolitan did not sue was not paid by Sorensen to anyone.

"9. Because of moratory continuance in Cause No. 10581, no decree was entered therein until May 24, 1939. The cause remained pending during this interval. Annis & Rohling knew that it was pending, and the extent of relief asked by the plaintiff therein, and had ample opportunity to assert any remedy to which they deemed themselves entitled in respect of the $1,000 for which the Metropolitan did not sue (and which Annis & Rohling Company reserved to themselves by the instrument quoted in Finding 2 above). Annis & Rohling never filed anything, and took no steps to protect their interest in the note or mortgage. The proceedings do not disclose to Sorensen that Annis & Rohling Company or any other party owned the $1,000 for which the Metropolitan did not sue, nor call for a defense by Sorensen against such separate ownership. So far as he was concerned it was simply a suit where plaintiff did not ask as much as it could ask.

"10. After the Metropolitan began said suit No. 10581, it had various matters unsettled and in controversy with Annis & Rohling Company. The present plaintiff E. J. McBain was an active managing officer of Annis & Rohling Company, and was interested in its assets. On March 15, 1937, a written contract of settlement was made between the Metropolitan on the one hand and Annis & Rohling Company, E. J. McBain and other officials of the Annis & Rohling Company on the other, which provided as follows in respect to the matters referred to in Findings 1 and 2 hereinabove:

" 'It is expressly agreed that in the Nels O. Sorensen loan Annis & Rohling Company, wherein the note and mortgage is held by first party and wherein a junior interest in the principal amount of said loan to the extent of $1,000.00 has been repurchased by the Annis & Rohling Company, the junior interest of the said Annis & Rohling Company is in no way affected by this agreement except that it is agreed between the parties hereto that the interest of the Annis & Rohling Company in said debt, note and mortgage is a junior lien on the real estate securing said loan the same as if the interest of the Annis & Rohling Company therein was evidenced by second mortgage on said real estate.'

"11. Thereupon, and as part of this settlement, the Metropolitan paid to Annis & Rohling Company upwards of $30,000.

"12. Thereafter, on May 24, 1939, the court entered a final decree of foreclosure in Cause No. 10581, in favor of the Metropolitan and against all the defendants thereto, awarding judgment for the $12,000 (adjusted for interest and the rents during the moratorium) and not including in said judgment any part of the $1,000 claimed in this suit. This decree foreclosed the original mortgage against all the defendants in that cause, including Annis & Rohling Company, and ordered that unless they redeemed, the Sheriff's sale would ripen into fee title.

"13. July 3, 1939, the land in Section 16 was sold to the Metropolitan under the decree, and no redemption was made by anyone thereafter, and Sheriff's Deed issued to the Metropolitan July 8, 1940, and was duly recorded. The Metropolitan did not bid for the land any sum in excess of its judgment, and its bid included no part of the $1,000 here claimed.

"14. Plaintiff McBain is an assignee of Annis & Rohling Company of whatever rights it claims in the $1,000 claimed in his petition. He knew all the facts when he acquired these rights."

The foregoing findings of fact are fully supported by the record. Pursuant to them, the court made conclusions of law as follows:

"(A) The Metropolitan Life Insurance Company owns the land in Section 16 free of all rights of Annis & Rohling Company or plaintiff McBain, as well as of Sorensen.

"(B) The Metropolitan Life Insurance Company does not hold said land in trust for plaintiff, nor has he any interest therein.

"(C) Failure to redeem barred all rights now claimed by plaintiff in the land in Section 16.

"(D) The Metropolitan is under no obligation to plaintiff to account for any part of the money for which the land was sold, nor for any part of the original mortgage or the debt secured thereby. Its rights were senior to his, and were so adjudicated in the foreclosure suit, and were so fixed by

the settlement agreement. These agreements are all valid as between Annis & Rohling Company and the Metropolitan, and made the rights claimed by plaintiff only those of a redemptioner, and lost by failure to redeem.

"(E)   The transactions involving the $13,000 note and mortgage, between the Metropolitan and Annis & Rohling Company, could not and did not add to or change the position of Sorensen. When the Metropolitan sued only for $12,000 and Annis & Rohling Company did not sue for the other $1,000, that split the indivisible $13,000 cause of action; and thereby the portion not asserted in the foreclosure suit was merged in and barred by the decree and Sorensen was fully relieved therefrom.

"(F)   Sorensen does not now owe anyone any part of the $1,000 on which plaintiff sues.

"(G)   The commission mortgage is no lien on the land in Section 11.

"(H)   The plaintiff's petition should be dismissed with prejudice on the merits, and the Metropolitan is entitled to a decree quieting its title to the land in Section 16."

Pursuant to its findings of fact and conclusions of law, the court entered decree dismissing plaintiff's petition on its merits and quieting title in the Metropolitan to the NW¼ in said Section 16 and entered judgment against the plaintiff for costs. Plaintiff has appealed to this court.

I.   Appellant asserts numerous assignments of error as against the Metropolitan but all of them are predicated upon the initial premise that the trial court erred in holding that the Metropolitan was not a trustee for appellant. We are satisfied that the court was right in so holding. As far as the right to judgment against the Metropolitan is concerned, it is only necessary for us to discuss that one proposition.

It is clear that no express trust was proved. Since the contention of appellant is that the Metropolitan was a trustee of an interest in realty, an express trust would have to be in writing. Section 10049, Code, 1939; Frame v. Wright, 233 Iowa 394, 403, 9 N. W. 2d 364, 147 A. L. R. 1154; Dunn v. Zwilling, 94 Iowa 233, 239, 62 N. W. 746. The writing herein

relied upon is that which was executed by Annis & Rohling Company. Obviously, for an express trust to be created, legal title to the corpus must be conveyed to the trustee. The writing herein provided that the $1,000 interest in the note and mortgage was *retained* and *not* conveyed, and, as above stated, the petition of appellant so alleged. It was retained "as a *junior* lien, *without right* of priority or interest in the mortgage securing said indebtedness *except* upon the *actual* purchase of the *entire debt* thereby secured." This writing gave Annis & Rohling Company a right to *repurchase* the *entire* debt, but, in the absence of such repurchase, it was *without* right or interest in the mortgage. There was a total absence of any basis for the fiduciary relationship of a trustee as to the mortgage. This writing did not impose any duty on the Metropolitan to foreclose the mortgage for the benefit of Annis & Rohling Company, but merely gave Annis & Rohling Company the right to foreclose it for its own benefit *if* the entire debt was repurchased from the Metropolitan. In the absence of a repurchase of the entire debt from it, the Metropolitan could foreclose only its $12,000 interest in the note and was required to treat Annis & Rohling Company as a junior lienholder. This is the construction which the Metropolitan placed upon the instrument. The trial court was right in holding that such construction was correct.

█ There was no implied or resulting trust created. Such a trust may arise when the written instrument of the parties is insufficient to adequately fix their rights and responsibilities inter sese, but we have no such situation here because the writing relied upon definitely and explicitly fixed the rights and obligations of the parties. Dunn v. Zwilling, supra, 94 Iowa 233, 238, 239, 62 N. W. 746.

█ There was no constructive trust created. In the recent case of Mead v. City Nat. Bk., 232 Iowa 1276, 1281, 8 N. W. 2d 417, 420, we stated:

"Fraud, actual or constructive, is an essential element in the creation or existence of a constructive trust. Farrell v. Wallace, 161 Iowa 528, 143 N. W. 488."

No fraud is shown by this record. Appellant contends

that the Metropolitan was guilty of fraud in the conduct of the foreclosure suit because the original notice and the petition failed to show the interest of Annis & Rohling Company in the $13,000 note. The petition did make Annis & Rohling Company a defendant and stated that its claims were junior and inferior to the right, title, and interest of the Metropolitan under its mortgage. Such practice is common treatment of junior lienholders. Annis & Rohling Company was not misled. As the trial court found, it was duly served with notice and had actual knowledge of the foreclosure proceedings. In 1937, which was after the foreclosure proceedings had been commenced and during the continuance secured under the moratorium statutes, in making settlement with the Metropolitan, Annis & Rohling Company and appellant stipulated and agreed that "the interest of Annis & Rohling Company in said debt, note and mortgage, is a junior lien on the real estate securing same, the same as if the interest of Annis & Rohling Company therein was evidenced by a second mortgage on said real estate." If Annis & Rohling Company claimed to be a beneficiary of a trust it would seem incredible that it would stipulate that its position was the same as if evidenced by a second mortgage.

We are satisfied that appellant's basic claim of the existence of a trust, with the Metropolitan in the position of a trustee for Annis & Rohling Company, was not established and that the trial court correctly so held.

II. The trial court's decision in favor of Sorensen was based on the fact that the adjudication in the Metropolitan foreclosure suit of its ownership of and the amount due on the $13,000 note was binding on Annis & Rohling Company, who were parties to that action. We agree with such holding. The only challenge here made is that Sorensen agreed to the splitting of the cause of action. The record does not sustain such contention.

The cause is—Affirmed.

All JUSTICES concur.