HAIN v. ROBINSON, ADM'X, ET AL.

1 **Trust:** PAROL AGREEMENT TO PURCHASE LAND AT TAX SALE AND CONVEY TO OWNER. A parol agreement, made with the owner of land about to be sold for taxes, to bid in the land and pay subsequent taxes, and to reconvey to the owner upon payment of the sums advanced, with interest, and a purchase of the land accordingly, does not create an express trust, because such a trust cannot be created by parol; and it does not constitute a mortgage, because the title to the land is not derived from the owner; and *held* that the agreement to reconvey could not be enforced in equity.

*Appeal from Dubuque District Court.*

WEDNESDAY, MARCH 16, 1887.

ACTION IN EQUITY. Judgment for the defendants, and the plaintiff appeals.

| 72 | 735 |
| 89 | 283 |
| 72 | 735 |
| 94 | 240 |
| 72 | 735 |
| 100 | 293 |
| 72 | 735 |
| 115 | 329 |
| 72 | 735 |
| 131 | 115 |
| 72 | 735 |
| 133 | 244 |

*B. W. Poor* and *S. P. Adams*, for appellant.

*Powers & Lacy*, for appellees.

SEEVERS, J.—It is stated in the petition, in substance, that in 1872 the plaintiff was the owner of certain real estate, and it was then agreed in parol between him and Frank M. Robinson that the latter would pay the taxes on said real estate from time to time, and protect the title thereto, and save the plaintiff from loss of said property by reason of any sales thereof for taxes, and that he would bid said lots in at tax sales, and hold the certificates and tax deeds taken in his name in trust as security for money advanced; and that whenever the plaintiff should pay to said Robinson the several and respective sums of money at any time paid or advanced by him on account of taxes, with interest at 10 per cent, the said Robinson would receive and accept the same in full redemption of said real estate from all claim or right thereto for or on account of any sales, certificates, tax deeds, and taxes paid, and would reconvey such premises to the plaintiff; that, in pursuance of said agreement, the said Robinson "bid in said property at tax sales, and advanced money therefor, and paid taxes thereon on tax receipts for and on account of the plaintiff, and for his benefit,        *        *        * and tax deeds were made to him therefor,        *        *        * and the plaintiff avers that all certificates of purchase and tax deeds taken thereon, or held by said Robinson, were by him held in trust for the plaintiff, and as security for the money advanced thereon by virtue of the agreement, and for the consideration aforesaid." A tender to Robinson, and his death, are stated, and that the defendants are his legal representatives. The relief asked is that an account be taken, and the amount due under said contract ascertained, which amount plaintiff states he is ready and willing to pay, and, upon payment being made, plaintiff asks that the defendants be required to convey the real estate to him, or that such

Hain v. Robinson, Adm'x, et al.

title be vested in him in such manner as the court may direct. There was a demurrer to the petition upon several grounds, which was sustained, and the plaintiff appeals.

I. We have had much difficulty in the construction of the contract; that is, in giving it a name or assigning it to a class of contracts known to and recognized by law. Some of us think it should be regarded as creating an express trust. If this is the proper construction, then it is void, and cannot be enforced, because such a trust must be in writing, and cannot be created by parol.

II. Counsel for the appellant contend that the contract should be construed to be a mortgage. But we think it cannot be so regarded, for the reason that the title to the real estate was not derived or obtained from the plaintiff, and was not vested in Robinson by his direction. Robinson obtained the title from an independent source. The real estate was about to be legally sold for a legitimate charge against it, and Robinson agreed, for a sufficient consideration, that he would purchase it, obtain the title, and reconvey to the plaintiff upon his compliance with the contract. Can such a contract be established by parol? We think not, for the reason that under it Robinson obtained the title to and an interest in real estate. This would be different, of course, if the plaintiff had furnished the money to make the purchase; for in such case there would be an implied trust. We think the court did not err in sustaining the demurrer.

AFFIRMED.