## THORP v. BRADLEY.

1. **Statute of Frauds**: LEASES : EFFECT OF PART PERFORMANCE. The fourth subdivision of section 3664 of the Code provides that no evidence of any contract for the creation or transfer of any interest in real estate, except leases for a term not exceeding one year, is competent, unless it be in writing, etc. Section 3665 provides that the rule of said fourth subdivision shall not apply " when the purchase money, or any portion thereof, has been received by the vendor, or when the vendee, with the actual or implied consent of the vendor, has taken and held possession thereof under and by virtue of the contract." *Held* that this last provision relates solely to contracts for the purchase or sale of real estate, and does not have the effect to qualify the rule enacted by the preceding provision as to leases for a term exceeding one year. (*Hunt v. Coe*, 15 Iowa, 197, *followed*).

2. **Damages**: BREACH OF AGREEMENT TO LOAN MONEY TO REDEEM MORTGAGED LAND. In an action for the breach of an agreement to loan to the owner of land the money necessary to redeem it from a mortgage, whereby the land was lost to the owner, neither the value of the land, nor the profit which the owner might have reaped from its purchase, affords the legal measure of recovery ; and, in the absence of any other averments of damage, the plaintiff's recovery must be but nominal.

3. **Appeal**: PRACTICE : REVERSAL FOR NOMINAL DAMAGES. This court will not reverse a cause for the mere error of the trial court in refusing to award nominal damages to the appellant.

4. **Statute of Frauds**: AGREEMENT TO BUY IN MORTGAGED LAND AND CONVEY TO MORTGAGOR. An oral agreement made with the owner of mortgaged land to procure the title under a foreclosure of the mortgage, and to reconvey to the mortgagor upon being reimbursed by him, is not a mere agreement for the loan of a sum of money, but an agreement for the creation and transfer of an interest in real estate, and is within the statute of frauds. (Compare *Hain v. Robinson*, 72 Iowa, 735).

5. **Change of Venue**: DISCRETION OF COURT. A motion for a change of the place of trial of a civil action, on the ground of undue influence by the other party and his attorneys over the inhabitants of the county, is addressed to the discretion of the trial court, with which this court will not interfere in the absence of a showing of abuse of discretion.

*Appeal from Appanoose District Court.*—Hon. H. C. TRAVERSE, Judge.

FILED, SEPTEMBER 6, 1888.

PLAINTIFF's petition, which is at law, contains eight counts. The rulings complained of on this appeal, however, relate to questions arising on the first and eighth counts. In the first count plaintiff claims to recover for rent of real estate under a parol lease for a term of years. In the eighth count he claims damages for the breach by defendant of an alleged parol contract, whereby he agreed to buy in at a sale under a judgment of foreclosure certain real estate belonging to plaintiff, and hold the same as security for the money to be advanced in making the purchase. Defendant, among other defenses, pleaded the statute of frauds. On the trial the district court excluded the evidence offered by plaintiff in support of these claims, and directed a verdict for defendant thereon. Plaintiff appeals.

*E. Morrison* and *George D. Porter*, for appellant.

*Tannehill, Vermilion & Haynes* and *T. M. Fee*, for appellee.

REED, J.—I. The evidence offered in support of the first count, and which the court excluded, would have

**1. STATUTE of frauds : leases : effect of part performance.**

tended to prove that defendant took possession of the leased premises under the parol lease, and occupied the same during the term, and that he had paid a portion of the stipulated rent. Our statute of frauds (secs. 3663, 3664) provides that no evidence of any contract for the creation or transfer of any interest in real estate, except leases for a term not exceeding one year, is competent, unless it be in writing, signed by the party sought to be charged, or by his lawfully authorized agent. Section 3665 provides that the above provision shall not apply " when the purchase money, or any portion thereof, has been received by the vendor ; or when the vendee, with the actual or implied consent of the vendor, has taken and held possession thereof under and by virtue of the contract." Plaintiff's contention is that the excluded evidence is competent under this exception, and would have taken the case out of the prohibition of the preceding provisions. In *Hunt v. Coe*, 15 Iowa, 197, this court had occasion to determine the effect of the provision quoted from section 3665, and it was then held that it related solely to contracts for the purchase or sale of real estate, and that it did not have the effect to qualify the rule enacted by the preceding provisions as to leases for a term exceeding one year. The statute has now existed for twenty-five years with this construction upon it, and we would not now be justified in departing from that construction, even if its correctness were doubtful. It is proper to say that the allegations in the petition as to the contract were denied in the answer ; also that the evidence offered to establish it did not consist of the testimony of the defendant ; so that no questions under sections 3666 and 3667 arise in the case.

II. The allegations in the eighth count are that plaintiff was the owner of a farm which was incumbered

**2. DAMAGES : breach of agreement to loan money to redeem mortgaged land.**

by a mortgage about to fall due, and that the parties entered into a parol contract, whereby defendant agreed to purchase the farm under the foreclosure sale, or to buy in the certificate of purchase under such

sale, and acquire title to the property thereunder, and hold the same as security for the money so advanced until plaintiff should be able to repay the same, and upon such payment to reconvey the premises to him; and that plaintiff, relying on this promise, had neglected to renew the mortgage debt, which he could, and but for the promise would, have done; but that defendant had neglected and refused to either bid in the premises at the sale, or acquire the certificate of purchase, and by reason of such neglect and refusal the title and ownership of the farm had been acquired by another, under the mortgage, whereby plaintiff had been damaged in a large amount. The excluded evidence would have tended to prove these averments. If it should be conceded that this contract was in effect merely an agreement for the loan of an amount of money sufficient for the payment of the mortgage debt, which is the interpretation contended for by counsel for appellant, it would follow that the special damages alleged are not the proximate consequence of the alleged breach, but are remote and speculative. The condition of the parties under it would be the same as if they had contracted for the loan of a sum of money to enable plaintiff to purchase a particular estate, but which, owing to the breach, he was not able to acquire. In an action on such an agreement, neither the value of the estate nor the profit which might have accrued from its purchase would afford any legal measure of recovery; and, in the absence of any other averments of damages, the plaintiff's recovery would be but nominal. On the allegations of the petition, then, plaintiff could in no event recover more than nominal damages; and the refusal of the trial court to award such damages, whatever the ground of such refusal may have been, does not afford ground for reversal.

3. APPEAL: practice: reversal for nominal damages.

But we are of the opinion that the contract cannot be regarded as a mere agreement for the loan of a sum of money. By its terms, as alleged, defendant

4. STATUTE of frauds: agreement to buy in mortgaged land and convey to mortgagor. was to acquire the title to the premises, and hold them as security for the money advanced, and reconvey them to plaintiff upon the repayment of that sum. It is clearly an agreement for the creation and transfer of an interest in real estate. The only breach which, by any possibility, could result in damage to plaintiff, is the failure to reconvey the premises to him. True, it is alleged that defendant had refused to acquire the title in the manner stipulated ; but that averment is important only as showing the inability of defendant to perform his agreement to convey. The contract alleged, then, is for the conveyance of the premises, and it clearly is within the inhibition of the statute. In principle, there is no distinction between this agreement and the one considered in *Hain v. Robinson*, 72 Iowa, 735.

III. Error was assigned on the overruling of a motion by plaintiff for a change of place of trial, on the ground of undue influence by defendant and his attorneys over the inhabitants of the county. The application was addressed to the discretion of the court, and we deem it sufficient to say that it does not appear from the record that there was any abuse of the discretion with which the court is clothed.          AFFIRMED.

5. CHANGE of venue: discretion of court.