HEMAN HEMSTREET v. MELVINA C. WHEELER AND ELLEN HEMSTREET, Appellants.

**Deed from Parent:** FRAUD AND UNDUE INFLUENCE: *Evidence.* A deed made by a father and mother to their daughter, of property of the value of six thousand to seven thousand dollars, on a consideration approximating three thousand dollars, and a further agreement to support the grantors, who were both over seventy years old, during the remainder of their lives, will not be set aside at the suit of another heir of the grantors, where the evidence fails to establish fraud or undue influence on the part of the grantee, or the incapacity of the grantors.

*Appeal from Polk District Court.*—HON. S. F. BALLIET, Judge,

FRIDAY, DECEMBER 11, 1896.

SUIT in equity to partition certain real estate, of which it is claimed one Nicholas Hemstreet died seized. The defendant Melvina C. Wheeler claims to own the property by virtue of a conveyance thereof to her by Nicholas Hemstreet and Ellen Hemstreet, during the lifetime of the said Nicholas. The plaintiff, in reply, admits the conveyance relied upon by the defendant Wheeler, but says that the same was without consideration, or, if for any consideration, that the same was nominal only; and this conveyance was obtained through fraud and undue influence. Plaintiff further alleges that at the time

the conveyance was made, Nicholas Hemstreet was so weak in body and mind as to be incapacitated from making the deed, and that, by reason thereof, and of the fraud and undue influence practiced by defendant Wheeler, the deed relied upon by her is void, and of no effect. On these issues the case was tried in the court below, resulting in a judgment and decree for plaintiff as prayed. Defendants appeal.— *Reversed.*

*Gatch, Connor & Weaver* for appellants.

*Dudley & Coffin* for appellee.

DEEMER, J.—The real issue in the case, as will be observed from the foregoing statement, is as to the validity of the conveyance from Nicholas and Ellen Hemstreet to the defendant, Mrs. Wheeler. This conveyance was made on the ninth day of January, 1889, and recorded on the eleventh day of January of the same year; and the expressed consideration for the same is four thousand six hundred dollars. For reasons hereafter to be stated, another deed was afterward executed between the same parties, bearing date September 9, 1891, recorded September 10, 1891, covering the property in controversy. Nicholas Hemstreet died, intestate, on the third day of October, 1891. He left surviving him, plaintiff, a son, Mrs. Melvina C. Wheeler, a daughter, and Ellen Hemstreet, his widow. But for the deeds to which we have referred, plaintiff and each of the defendants would be entitled to an undivided one-third of the property in controversy, as only heirs of the said Nicholas Hemstreet. The only question in the case relates to the validity of these deeds. The exact claim made by the plaintiff, with reference to them, is that they are inoperative and void, for want of consideration, or, if

any consideration, only a nominal and inadequate one; that the conveyances were obtained by the importunity, overpersuasion, and undue influence of defendant, Melvina C. Wheeler; that the grantors, by reason of age and sickness, were incapacitated to transact business; that they were living with Mrs. Wheeler, and had no opportunity to act independently; and that the conveyances were secured for a selfish purpose, and said conveyances would not have been executed except for the importunity and overpersuasion of the daughter, Melvina C. Wheeler. At the time of the making of the first deed, the Hemstreets also conveyed to Mrs. Wheeler, one hundred and sixty acres of land in Polk county, Iowa, and two lots in the town of Altoona. The legal title to the property was in the name of Ellen Hemstreet, and the expressed consideration in the deed was one dollar. The real consideration, however, seems to have been an agreement on the part of the grantee to care for and support the grantor during her life. This conveyance is not attacked by the plaintiff, and, as defendant, Mrs. Hemstreet makes no complaint, but seems to be satisfied with it, there is no occasion for referring to it further.

The first question to be considered is as to the consideration for the conveyance to Mrs. Wheeler. This inquiry is not for the purpose of defeating the conveyance because of an entire lack of consideration, for the reason that it is elementary that a deed expressing a consideration cannot be defeated, nor a trust established by evidence of this character. Jones, Real Prop. sections 301, 302, 309. This feature of the case is material, as it bears upon the question of fraud and undue influence, for, if it be found that the elder Hemstreet was weak in mind, and easily susceptible to the influences of those in whom he placed his confidence, the adequacy, or inadequacy, of the consideration

for the conveyance is a question of much moment·
The facts, as disclosed by the record, are as fol-
lows:   Mrs. Wheeler was married in the year 1859.
She did not live agreeably with her husband, and in
the year 1878, was divorced from him.  See *Wheeler v.
Wheeler*, 53 Iowa, 511 (5 N. W. Rep. 689).  Some time
before she obtained her divorce, she quit living with
her husband, and took up her abode with her parents,
with whom she lived, and for whom she worked, until
the time of the conveyance in question.   In the
divorce proceedings she obtained certain alimony
from her husband.  The lots so obtained she sold,
and the proceeds she loaned, to her father, Nicho-
las Hemstreet.   She also loaned him other amounts
of money in 1884 and 1886, and she also, at her
father's request, paid some of plaintiff's notes, the
amount of which the father agreed to repay her.   At
the time of the conveyance in question, the estimated
amount due Mrs. Wheeler from her father by reason
of these loans and advances was eight hundred dollars.
At the time of the conveyance, the value of the
daughter's services to her parents was estimated at
two thousand one hundred and forty-four dollars, and,
as a part of the transaction, Nicholas Hemstreet exe-
cuted the following paper:  "Des Moines, January 9,
1889.   Received of Melvina Wheeler $2,144.00 on work
and services from January, 1878, to January, 1889,
same to apply on and in payment of the property
deeded to her this day, we having settled upon, and
both of us agreed on, that amount as compensation for
her services for the time above referred to.   [Signed]
Nicholas Hemstreet."   Upon her part, and on the
same date, Mrs. Wheeler gave to her father the fol-
lowing:   "In part consideration for certain real estate
deeded to me on this 9th day of January, 1889, by
Nicholas Hemstreet, I hereby agree to faithfully care
for and support my father, Nicholas Hemstreet, and

my mother, Ellen Hemstreet, during their natural lives, and I hereby enjoin my children, in case of my death, that they fully carry out this agreement. [Signed] Melvina C. Wheeler." These various matters constituted the consideration for the deed. Nicholas Hemstreet was seventy-four years of age, and his wife about seventy-eight, at the time these conveyances were made, and their expectancies were six and five years, respectively, The value of the property conveyed is not clearly shown. At the time of the trial, all of the property conveyed to Mrs. Wheeler by her parents was worth probably fifteen thousand dollars, and we are inclined to believe that the property covered by the deed in question was worth, at the time of the transfer, from six thousand to seven thousand dollars. If these be the facts, was the consideration inadequate? It seems to us, in view of all the circumstances above recited, that it will not do to say that it was so inadequate, of itself, as to raise even a suggestion of fraud or undue influence. It is said, however, that at the time the conveyance was made, Nicholas Hemstreet was so weak in body and mind that he was incapable of making the deed; or, if this be not true, that his faculties were so weak as to render him easily susceptible to the influence and machinations of others. It appears from the evidence that Hemstreet had an attack of la grippe some time during the fall of the year 1890, and that from that time until his death he was somewhat indisposed. The immediate cause of his death was cancer of the stomach. He was around, attending to the ordinary duties of life, until a few weeks before his death, but had evidently suffered from the fatal malady for two or three years before he succumbed. There is some evidence to the effect that his mental faculties were impaired as early as 1889, but it is entirely from non-experts, most of whom were but slightly acquainted with him, and few of whom saw

him often. Quite a number of plaintiff's own witnesses gave it as their opinion that he was perfectly sane, and capable of attending to his business. On the other side, we have the testimony of all the physicians who were called upon to treat him, men who are eminent in their profession, and whose attention was specifically directed to his condition of body and mind; the evidence of many non-experts, who knew him well, and were intimately associated with him; and the presumptions in favor of sanity which always obtain in such cases. Without setting forth any of the evidence upon which we rely, it is sufficient to say that we are constrained to believe that the plaintiff has failed to prove the allegations of incompetency relied upon by him.

It is argued, however, that while Hemstreet may have been competent, in a legal sense, to execute the conveyance, yet that his mind was so enfeebled on account of age and sickness that he was easily influ-.enced, and that Mrs. Wheeler took advantage of this fact, and by her persuasion, importunity, and coercion secured the conveyance. We have examined the evidence relating to this issue with great care, and do not find that the claim is sustained. Plaintiff's counsel argue that the conveyance was made under a misapprehension of the facts, arising from the fact that Mrs. Wheeler supposed that plaintiff had received his full share of his father's estate, which was, in fact, untrue, and they refer to the evidence relating to a certain two thousand dollar transaction, which Mrs. Wheeler claims was given by Nicholas Hemstreet to his son in the year 1885, and insist that no such gift was made. This circumstance, even if found in favor of the plaintiff, is by no means conclusive. But we are not prepared, in view of the evidence submitted, to find that plaintiff did not receive this money. The circumstances point very strongly to the conclusion that he

did receive it. But, be this as it may, we do not, as we have said, regard it as controlling, for the evidence shows affirmatively, as we think, that no undue, or unfair, advantage was taken of Nicholas Hemstreet. Nor do we think the defendant, Wheeler, used any such influence to induce him to make the conveyance as will vitiate the transaction. A very potent circumstance in the case is the making of the second deed by Nicholas Hemstreet and wife to their daughter, Mrs. Wheeler, in September, 1891. A man by the name of Crawford is the scrivener who drew this deed. Crawford was requested by Hemstreet to call at his house. Pursuant to this request, Crawford went to the place where deceased was living, and was informed by him that he wanted to leave his property to Mrs. Wheeler, and wished to know how he should do it. Crawford suggested the making of a will, but Hemstreet said in reply that he had already deeded all his real estate to Mrs. Wheeler upon the advice of an attorney; that this was better than to make a will. Hemstreet said that all the property he had left was a few promissory notes, and at the suggestion of Crawford, these notes were transferred to Mrs. Wheeler. At the same interview Hemstreet asked Crawford to look over some deeds that an attorney had drawn a year or two before. This Crawford did, and on examination discovered that the description in one was written upon a separate piece of paper, and attached to the deed. This was the one of June 9, conveying the property to Mrs. Wheeler. Hemstreet inquired of Crawford if the deed "was all right." Crawford suggested the making of a new one, and to confirm his opinion telephoned to Des Moines, and asked the advice of an attorney there, who also advised the making of a new instrument. Pursuant to these suggestions, Nicholas Hemstreet and wife executed to Mrs. Wheeler the deed of

date September 9, 1891. This last-named deed was witnessed by two witnesses, and was filed for record, as before stated. Mrs. Wheeler was present at the time this deed was made, but she had no particular part in the transaction, and the conversation had at the time clearly indicates that the grantor understood well the nature of the business he was transacting, the character and extent of his property, and the disposition he wished to make of it. He also recognized the former deed made to Mrs. Wheeler as binding, and made the new one in order that there might be no question regarding its validity. As we have said, we do not think that Nicholas Hemstreet was at any time incapacitated, by reason of his mental condition, from transacting business. We are well satisfied that he made the conveyances to his daughter upon an adequate, although perhaps not a full, consideration, understanding full well the nature and effect of the deeds. We are also constrained to believe that they were made voluntarily, and without fraud, over-persuasion, or undue influence. Finding these conveyances valid, it follows that the judgment and decree of the district court must be, and it is, REVERSED.