HEMAN HEMSTREET, Appellant, v. MELVINA WHEELER, ELLEN HEMSTREET, W. T. INGLE, and SUSAN PRUNTY, Intervener, Appellees.

**Trusts.** An assignor of a judgment of foreclosure cannot, under McClain's Code, section 3105, requiring all declarations of trusts relating to real property to be executed in the same manner as deeds, establish a resulting trust in the property, by parol proof of an agreement by the assignee of the judgment, to hold it for him.

**SAME:** *Parol evidence.* Parol evidence is inadmissible to show that the assignee of a decree of foreclosure, under a written assignment absolute on its face, agreed to buy in the property on the sale under the decree, and hold it for the assignee. Compare *Patterson v. Mills*, 69 Iowa, 755.

*Appeal from Polk District Court.*—HON. S. F. BALLIET, Judge.

FRIDAY, DECEMBER 11, 1896.

SUIT in equity to establish and enforce a trust in certain lots in the town of Altoona, Polk county, Iowa, and to recover the rents and profits thereof. The court below found in favor of the defendants, and the plaintiff appeals.—*Affirmed.*

*Dudley & Coffin* for appellant.

*Gatch, Connor & Weaver* and *W. G. Harvison* for appellees Melvina Wheeler and Ellen Hemstreet.

*Read & Read* for appellees W. T. Ingle and Susan Prunty.

DEEMER, J.—The material facts, as disclosed by the record, are as follows: In or about the month of February, 1870, plaintiff, as the owner of certain lands in Polk county, Iowa, sold and conveyed the same to

one Blakesley, who, to secure the purchase price, gave plaintiff some notes and a mortgage upon the property. Blakesly failed to pay the notes when due, and plaintiff brought suit thereon to foreclose his mortgage, and obtained judgment and decree in the sum of one thousand nine hundred and thirty-four dollars. Plaintiff was, at the time of obtaining judgment, having trouble with his wife. A separation had taken place between them, and a division of their property had been agreed upon. And plaintiff claims that, to avoid trouble and complications likely to arise from taking title to the property in his own name at foreclosure sale, he, acting on the advice of an attorney, assigned his claim and cause of action on the notes, without consideration, to his mother, Ellen Hemstreet. After the assignment, Mrs. Hemstreet purchased the property at foreclosure sale, bidding the amount of the judgment therefor, and on or about April 22, 1872, she sold or exchanged the said real estate, with the consent of plaintiff, to one Cree, for the lots in question. The title to the lots, however, was taken in the name of Mrs. Hemstreet. On January 9, 1889, Mrs. Hemstreet conveyed the premises to her daughter for the expressed consideration of one dollar. This conveyance is referred to in the case of *Hemstreet v. Wheeler, ante,* 282 (69 N. W. Rep. 518). It is claimed that Mrs. Wheeler acquired title to the lots with full knowledge of plaintiff's rights, and that the conveyance was obtained through fraud and undue influence practiced by Mrs. Wheeler upon her mother, who, it is claimed, was old and feeble, and subject to imposition and wrong. Afterwards the property was conveyed by Mrs. Wheeler to defendant Ingle, and Ingle conveyed an undivided one-half interest therein to the intervener, Prunty. Both Ingle and Prunty claim to be good faith purchasers without notice. The defendants

Weeler and Hemstreet deny the claims made by plaintiff, and also plead the statute of limitations.

Counsel for appellant now concede that defendant Ingle, and intervener, Prunty, were good-faith purchasers of the lots for value, and they admit that a trust cannot be enforced against them. They do insist, however, that under the facts established, they are entitled to a judgment against Mrs. Wheeler for the full value of the premises, which they allege to be one thousand dollars, and for the rents and profits of the lots. The assignment of the Blakesley claim and decree to Hemstreet, before referred to, was in writing, and is as follows: "Heman S. Hemstreet vs. Jacob Blakesley, et al., Messrs. Goode & St. John, Attorneys: I assign and transfer all my rights, title, and interest in and to the judgment obtained in the above case at the January term of the circuit court of said county, the notes secured by mortgage, all made exhibits to the petition, and also the mortgage made an exhibit herein, meant to secure said indebtedness, the originals of which are all in your hands as my attorneys, to Mrs. Ellen Hemstreet, and you will be governed by her and in accordance to the same. February 26, 1872. [Signed] Heman S. Hemstreet." Plaintiff's version of the transaction, as given by him on the witness stand, is as follows: "The notes and mortgage had been foreclosed, and the sheriff's sale was about to take place. My wife was then living in Wisconsin, and a written article of separation had been entered into between us. My father advised the assignment in this form to mother for the purpose of not having it in my hands in the trouble with my wife. It was done to avoid difficulty in transferring real estate. I talked with my mother about her taking the title to this property before it was transferred. When I talked about transferring the property, mother said to transfer to her; she would keep it; and I could have it

in the future, when I got a divorce. Subsequently, my wife and I were divorced, and this property was conveyed to David Cree for other property. I talked with father about it. Father said Mr. Cree could use it, and he would trade it to Mr. Cree for his house and property,—for lots 1 and 2, block 2, of Ensign's addition. That trade took place before I went to Kansas, and the property was conveyed to David Cree. The title to the property conveyed by Mr. Cree for the hotel property was taken in the name of my mother, Ellen Hemstreet." His claim, from this evidence, is that a resulting trust is established in the lots, which he is entitled to establish and enforce.

Now, while there is no direct evidence disputing the plaintiff's testimony, yet we are by no means satisfied that he has given us the correct version of the transaction. But, if it be conceded that he has, we are not prepared to hold that he is entitled to judgment against either Mrs. Wheeler or Mrs. Hemstreet. The assignment of the judgment and decree was absolute on its face, and imported a consideration; and plaintiff cannot recover unless he be permitted to show by parol that this assignment was without consideration, or was in trust for his use and benefit. To show that he furnished the consideration for the Cree lots, he must establish an express trust in the property exchanged for them. This he is not permitted to do. *Hain v. Robinson*, 72 Iowa, 735 (32 N. W. Rep. 417); *McClain v. McClain*, 57 Iowa, 167 (10 N. W. Rep. 333); *McGinness v. Barton*, 71 Iowa, 644 (33 N. W. Rep. 152); *Kellum v. Smith*, 33 Pa. St. 158; *Dunn v. Zwilling*, 94 Iowa, 233 (62 N. W. Rep. 746); *Acker v. Priest*, 92 Iowa, 610 (61 N. W. Rep. 235); *Thorp v. Bradley*, 75 Iowa, 50 (39 N. W. Rep. 177). It may be that, if the evidence related solely to the judgment, and if the trust to be established had no connection with real estate, the evidence would be admissible under the rule

announced in *Patterson v. Mills,* 69 Iowa, 755 (28 N. W. Rep. 53). But to establish a trust in the Cree lots it is necessary for the plaintiff to show that his mother took the Blakesly property also in trust. To do this he must prove that when she took the assignment of the decree she agreed to purchase the property at sheriff's sale, take a deed to the same, and hold it for the use and benefit of the plaintiff. This would be a clear violation of section 3105 of McClain's Code, which requires all declarations or creations of trust in relation to real estate, to be executed in the same manner as deeds of conveyance. It was not the mere chose in action plaintiff held against Blakely that was assigned to Mrs. Hemstreet, for it was in contemplation by both parties that she should take title to the real estate covered by the mortgage, and hold it for the benefit of the plaintiff. Again, the assignment, as we have said, is in writing, and, on its face, is absosolute. To permit the plaintiff, as against Mrs. Hemstreet, to prove the claims he now makes, would allow him to change, vary, and modify this written instrument by parol. This cannot be done without overturning one of the most elementary principles of evidence. The decree of the district court is right, and it is AFFIRMED.