B. G. TIFFANY v. H. L. TIFFANY AND W. S. WORTHING-
TON, Guardian, Appellant.

**Fraud:** ESTOPPEL: *Equity.* One who takes title to land purchased
by him, in the name of his sister, for the purpose of defrauding
his wife, cannot in equity, and after the death of the sister, set up
the fraud to defeat his sister's title.

*Appeal from Hamilton District Court.*—HON. S. M.
WEAVER, Judge.

MONDAY, OCTOBER 11, 1897.

PLAINTIFF avers, as grounds for the relief asked, in
substance as follows: That he is the son and sole heir
of H. S. T. Jay, who died intestate December 23, 1891;
that the defendant H. L. Tiffany is a brother of said
deceased; that said H. L. Tiffany has been adjudged
insane, and the defendant Worthington is his duly-
appointed guardian; that prior to the death of H. S. T.
Jay, and the proceedings adjudging said Tiffany insane,
said Jay had given into hands of said Tiffany a large
sum of money to be loaned and to be invested in her
name; that said Tiffany so loaned and invested said
money for her benefit, and that no part thereof has been
repaid to said Jay, or to her estate; that part of said
money was invested in real estate described, and in

other real estate, title to some of which was taken in the name of said H. S. T. Jay; that part of said money was invested in notes, mortgages, and tax receipts in the name of said Jay, about eight hundred dollars of which have been paid to said Tiffany or his guardian. Plaintiff prays for an accounting, and for judgment, and that his title be quieted and confirmed, with possession, to such of the property as he may be entitled to. D. C. Chase was appointed guardian *ad litem* for H. L. Tiffany, and appeared for said Tiffany, and answered, "Denying each and every allegation in plaintiff's bill." Decree was entered quieting title in plaintiff to the premises as prayed for, with judgment against Worthington for costs, and the bill as to personal property was dismissed without prejudice. Defendant appeals.— *Affirmed.*

*D. C. Chase* for appellant.

*J. L. Kamrar* for appellee.

GIVEN, J.—I.    There is no dispute but that, in 1862, H. S. T. Jay did place in the hands of H. L. Tiffany a certain sum of money, claimed by the plaintiff to have been four hundred dollars, and by the defendant to have been but two hundred and fifty dollars. Plaintiff claims that this money was invested, and, with its accumulations, re-invested from time to time, by Tiffany, for the benefit of his sister, and that the property purchased and standing in her name was purchased therefor, and that, in addition thereto, Tiffany is liable for other sums realized from the investment of that money and its accumulations. It is contended on behalf of the defendant that Tiffany repaid all the money that he received, many years ago, in sums of money paid to his sister at different times, and two sewing machines furnished to her, and in support given to her and her son,

this plaintiff, in his family. It is further claimed by the defendant that about ten years ago,—long after his sister had been fully paid,—anticipating trouble with his wife, he, to prevent her from getting his property, commenced using the name of his sister in his business transactions for the purpose of covering his property from any claim that his wife might make thereon. Much of the evidence relied upon by the defendant to sustain his claim is clearly inadmissible, but, taking it all into consideration, it falls far short of being convincing, or satisfactory. Indeed, the claim of neither party can be said to be conclusively established. We are led to the conclusion that the matters relied upon as constituting payment of the sum received by Tiffany from his sister was not so intended, and that Tiffany did retain her money, and invested it to some extent, as claimed, taking title to her in some instances. If it be true, as claimed by the defendant, that he took title to property purchased in the name of his sister to defraud his wife, he will not now be heard to assert that fact to defeat her title. It is true, he was adjudged insane, but it is neither alleged nor contended that his insanity is ground for applying any different rule. It is not alleged nor shown that he was insane at the time he took these titles in the name of his sister. While, as we have said, the evidence is not entirely satisfactory, we think the preponderance is in favor of the plaintiff as to the real estate, the title to which is in his deceased mother, and therefore the decree of the district court is AFFIRMED.