HENRY FREDERICH BERGMAN *et al.* v. E. C. KAMMLADE, Appellants.

**Partition:** ALLOWANCE FOR IMPROVEMENTS: *Tenant in possession.* Allowance for improvements is properly refused on partition of land owned in common which is ordered sold, including improvements, the tenant in possession having arbitrarily fixed a certain amount as rent, and refused to pay more, and the rent thus wrongfully withheld being more than the value of the improvements for which he could justly claim an allowance.

*Appeal from Sioux District Court.*—HON. F. R. GAYNOR, Judge.

MONDAY, OCTOBER 16, 1899.

ACTION in equity for the partition of real estate, or, if it cannot be equitably divided, for a sale thereof and a division of the proceeds. There was a hearing on the merits, and a decree, from which the defendant appeals.—*Affirmed.*

*G. T. Wellman* for appellant.

*Boies & Roth* for appellees.

ROBINSON, C. J.—G. F. Bergman, a resident of Sioux county, died testate in May, 1880, seised in fee simple of a tract of eighteen acres of land in Sioux county, which is now in controversy. His will provided that if his wife, Marie Karoline, should marry after his death, she should receive one-half of his property, and that one-half should go to his four children, Henry Frederich, George Frederich, Karl Heinrich, and Anna Karolina, when the youngest child, Anna, attained her majority. In December, 1881, the widow married the defendant, and in June, 1884, died intestate. On the 7th day of the next month he was appointed administrator of her estate. He has at all times since the death

of his wife occupied the land in controversy. In June, 1895, the youngest child became eighteen years of age, and this action was commenced in the following January. The original plaintiffs were the four children of G. F. Bergman, deceased. After the action was begun, George died testate, having devised his interest in the land in controversy, to his brother Henry. The plaintiffs claim that the defendant is entitled to but an undivided one-ninth of the land, and that they are entitled to the remainder. The defendant claims to be the owner of an undivided one-sixth of the land, and to be entitled to an :allowance for necessary improvements made on the land, and asks that his share thereof be so fixed as to include the homestead buildings. The plaintiffs deny that the improvements made by the defendant were necessary, and state that when they were made the plaintiffs and defendant were tenants in common, and therefore that the defendant is not entitled to recover for them; that at the time of the death of the mother of the plaintiffs the defendant arbitrarily took possession of the land and evicted the plaintiffs, and has since occupied it, but with the promise that he would pay the plaintiffs a reasonable rent for the use of it; that for the first two years after the death of their mother the defendant applied all the proceeds of the rent, which should have been paid to the plaintiffs, to the erection of the improvements for which he now seeks to establish a claim; that some of the improvements for which he asks an allowance were erected for the special use of the defendant, were not needed, and not for the benefit of the land; and that all the needed improvements were made from the proceeds of the land for the first two years following the death of the mother of the plaintiffs; that the defendant has neglected and refused to pay the plaintiffs a reasonable rent for the use of the land, and has accounted to each of them for only about sixteen dollars per annum, although a reasonable rent would have been three dollars per acre. The plaintiffs demand an

accounting of rents since the year 1884, and that they be charged against any claim for improvements to which the defendant may be entitled.

The district court found the plaintiff Henry F. Bergman to be entitled to an undivided ten twenty-fourths of the land, that each of the other two plaintiffs is entitled to an undivided five-twenty-fourths, and that the defendant is entitled to an undivided one-sixth of it. The court also found that it is not practicable to divide the land equitably between its owners, and ordered that it be sold, and the proceeds be distributed in proportion to their respective interests as fixed by the decree. The claim of the defendant for improvements was not allowed, and it was ordered that the improvements remain upon the land, as a part of it, and that they be sold with it. The costs made by the defendant in support of his claim for improvements were taxed to him. The decree gave to the defendant the share of the land which he claims, and, as the plaintiffs do not appeal, that part of the decree shall not be considered.

We are required to determine whether the land should have been divided, and whether the defendant should have been allowed anything for improvements, and, if he should, the amount of allowance to be made. It is shown that the defendant used the proceeds of the land for the two years next following the death of the mother of the plaintiffs for the building of a barn, and did not account to the plaintiffs for rent for that period. He had planted trees, constructed fences, erected one or more additions to the dwelling house, a stable, granaries, hog and cattle sheds, corncribs and chicken houses, and has dug wells and made a cistern. There is serious conflict in regard to the present value of the improvements made by the defendant, the estimates of various witnesses varying from two hundred dollars to eight hundred dollars. We are satisfied, however, that the value of the improvements reasonably necessary for the successful carrying on of the premises for ordinary farming

purposes, which were made more than two years after the death of the mother of the plaintiffs, is but small. The defendant arbitrarily fixed the sum of one hundred dollars as rent for the premises, and would allow nothing more, although the guardian of the plaintiffs who were minors insisted that it was insufficient. The evidence shows that the rent should have been nearly or quite twice what the defendant allowed, and the rent which he wrongfully withheld exceeded the value of the improvements for which he can justly claim an allowance. We are to determine his right to an allowance upon equitable considerations, and we are clearly satisfied that, when all the facts to which we have referred are given due weight, he should not be allowed anything for improvements. See *Killmer v. Wuchner,* 79 Iowa, 722; 11 Am. & Eng. Enc. Law, 1104 *et seq.,* 17 Am. & Eng. Enc. Law, 758 *et seq.* It would be unjust to set apart to the defendant the portion of the land in question upon which the buildings are situated, and we are of the opinion that an equitable division of the land cannot be made. The decree of the district court appears to be fully sustained by the evidence, and it is AFFIRMED.