ROXANA HUIT *et al.*, Appellants, v. WM. HUIT *et al.*

**Homestead:** WIDOW'S POSSESSION: PRESUMPTION FROM OCCUPANCY. 1 Long continued occupancy by a widow of her husband's homestead, raises a presumption of her election to take a life interest in the property rather than a distributive share, and such possession is not adverse to the other heirs.

**Evidence:** TRANSACTION WITH DECEASED PERSON. A widow and 2 one claiming under her, are incompetent witnesses to an oral agreement with the widow's deceased husband that she was to be the sole owner of the homestead in consideration for joining in the conveyance of other land to their children.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

FRIDAY, JANUARY 22, 1904.

ACTION to have the title of certain land quieted in Abigail Springer, one of the plaintiffs. The decree quiets

title in said Abigail Springer to an undivided three-fifths of the land, and in Robert Huit and Elizabeth Bowen to an undivided one-fifth interest as to each of them. Plaintiffs appeal.—*Affirmed.*

*Bolton & Bolton* and *McCoy & McCoy* for appellants.

*L. C. Blanchard* for appellees.

McCLAIN, J.—The few facts material to the determination of this appeal, as we gather them out of much immaterial and incompetent matter presented in the record, which, by the way, consists of an abstract with four amendments presented by appellant, and an additional abstract with an amendment thereto presented by appellee, are as follows: One Levi Huit died in 1883, leaving surviving him the plaintiff Roxana Huit, as widow, and five adult children by a former wife. At the time of his death he was possessed of the premises in question, consisting of twenty-five acres of land occupied as a homestead. The widow continued in the undisturbed occupancy of the premises until about three years before the bringing of this suit. During this occupancy, the widow had living with her for the greater part of the time her co-plaintiff, Abigail Springer, a relative of her own who took care of her during ill health, the widow being a woman of advanced years. About a year or more before this suit was brought, the widow quitclaimed the premises to Abigail Springer, and went with her to live elsewhere, and this suit is prosecuted entirely in Abigail Springer's interest.

The trial court evidently based the decree in behalf of Abigail Springer on evidence tending to show conveyance either to the widow or to Abigail Springer directly of the interests of three of the five children, and on the theory that the widow, by her continued exclusive occupancy of the premises under the assertion of a right to possession, had elected to take a life interest in the homestead in lieu of dower. This conclusion, as it seems to us, is in accordance

with the evidence. It is true that we have recently held in *Robson v. Lambertson,* 115 Iowa, 366, that, under the statutory provisions in force prior to the adoption of the present Code, continued occupancy of a homestead gives rise to the presumption only of intent to take a life estate therein in lieu of dower; but where it appears, as in this case, that the widow, without any other right to do so, has claimed and enjoyed exclusive occupancy for seventeen years, we think the presumption of election to take a life interest instead of a distributive share must be considered as practically controlling. Indeed, there is no competent evidence to the contrary. The contention for plaintiffs seems to be that the widow was entitled only to an undivided one-third interest in the premises which she occupied at first as tenant in common, but that her assertion of right to absolute and exclusive possession was such as to mature into absolute title by adverse possession against defendants. But certainly, if she was asserting during all those years an exclusive right to occupy, we must presume, in the absence of any evidence to the contrary, that such right to occupy was as life tenant, such occupancy being entirely consistent with all the evidence in the case. We reach the conclusion that the possession by the widow was as life tenant, and therefore was not adverse to the heirs, and did not constitute such adverse possession as to make the widow sole owner in fee of the land.

Something is said in argument with reference to an alleged oral contract entered into between Levi Huit and Roxana Huit by which the latter, in consideration of joining in deeds of other land to the children of Levi Huit, was to become the sole owner of the homestead. But there is no evidence of any such oral agreement except that found in the testimony of Roxana Huit and Abigail Springer, and these two witnesses were plainly incompetent under the provisions of Code, section 4604, to testify to any such conversations or transactions.

The decree of the trial court was correct, and it is AFFIRMED.