S. T. GRAY, Appellant, v. IDA WRIGHT ET AL., Appellees.

**Homestead:** DISTRIBUTIVE SHARE OF WIDOW: ELECTION. Continued
1 possession of a homestead by a widow is evidence of her election to exercise her homestead right, rather than to take her distributive share, but is not conclusive; and where the whole testimony makes it reasonably clear that she is asserting an interest in the title, rather than a mere right of occupancy, the inference to be derived from the fact of continued possession is overcome: and this is especially true where the homestead is the only property left by deceased and there has been no demand by the heirs for partition or an accounting of rents and profits.

**Same:** EVIDENCE: COMMUNICATIONS WITH A DECEDENT. Heirs of
2 their deceased mother are incompetent to testify in behalf of their grantee, who is also an heir, to conversations with their mother relative to her election to take a homestead interest in the property.

*Appeal from Monroe District Court.*—HON. D. M. AN-
DERSON, Judge.

MONDAY, FEBRUARY 15, 1909.

REHEARING DENIED SATURDAY, APRIL 10, 1909.

ACTION for partition of lot in the city of Albia. Decree for the defendants, and plaintiff appeals.—*Affirmed.*

*W. E. Giltner,* for appellant.

*J. C. Mabry,* for appellees.

WEAVER, J.—The lot in controversy was the homestead of Israel L. Mills and Maria Mills, his wife. In March, 1898, Israel L. Mills died intestate, leaving surviving him his widow, Maria, his daughters, Ida Wright, Emma Warren, and Mamie Enders, and his grandchildren, Harry Sanders and Florence Mills, his only heirs at law. The widow continued in possession and use of the homestead until the spring of the year 1905, when she went home with her daughter, Mrs. Wright, where she remained until her death a few months later. She left a will which has been duly probated, devising her alleged one-third interest in the homestead to Mrs. Wright. The will bears date August 21, 1903. In January, 1902, the daughter Mamie Enders, a resident of Colorado, visited her mother in Albia, and while there conveyed her interest in the homestead property to the plaintiff by a deed in which her interest or share in said property is described as an undivided one-fifth part. About the same time the daughter Emma Warren, also a nonresident of Albia, conveyed her interest in the said property to plaintiff by a similar deed, and in September, 1905, Florence T. Mills also conveyed to him her interest described as one-fifth. The controversy in this case is upon the question whether Mrs. Wright takes any interest in the property under her mother's will. It is plaintiff's contention that after the death of Israel L. Mills, his widow elected to retain a homestead right instead of a widow's share in the property, as allowed by Code, section 2985, and that such right ceased at her death, leaving the property to descend to the five heirs of Israel L. Mills in equal shares, and that the deeds from three of these heirs entitle him to a three-fifths share in the proceeds of the partition. On the other hand, it is

the theory of Mrs. Wright that Maria Mills did not elect to take homestead in lieu of dower in the property, but became vested with a one-third share therein as the widow of Israel L. Mills, and that such share passed by her will to Mrs. Wright, thus leaving the plaintiff's share under the conveyances made to him but six-fifteenths or two-fifths, instead of three-fifths, as claimed by him. The trial court found with the defendant Mrs. Wright on this question, and the plaintiff has appealed.

The question is not a complicated one, and, after careful consideration of the entire record, we are disposed to the conclusion that the decree as entered by the district court is correct. It is true that continued possession of the homestead by the widow is evidence tending to show an election to take homestead rights instead of a statutory share, but it is not conclusive, and, if the testimony as a whole makes it reasonably clear that while remaining in possession she is always asserting an interest in the title as distinguished from the mere right of life occupancy and use, the presumption or inference derived from the fact of continued possession is overcome. This is especially true where, as in this case, the homestead is all the property left by the deceased husband, and the heirs at no time demanded a partition or an accounting for rents and profits.

1. HOMESTEAD: distributive share of widow: election.

Much of the evidence on which appellant relies to show the alleged election to take homestead rights is found in the testimony given by the daughters Mrs. Enders and Mrs. Warren concerning conversations had with their mother. The competency of these witnesses to thus testify was duly objected to, and their testimony in this behalf can not be considered.

2. SAME: evidence: communications with a decedent.

The same may be said with reference to some of the testimony given by the plaintiff as a witness in his own behalf. Under the same rule, a part of the testimony given

by Mrs. Wright must also be disregarded. With the objectionable matter eliminated, there is a distinct preponderance of the evidence in the defendant's favor. It is very probable that Maria Mills never fully comprehended the double aspect of her rights in the property, but she seems at all times to have had a pretty clear grasp of the proposition that she had an interest therein which she could sell and dispose of. Her will made in 1903, two or three years before her death, by which she undertook to devise in express terms an undivided one-third to her daughter, is wholly inconsistent with any claim on her part to a mere homestead right which must cease at her death. The facts disclosed by the record do not bring the case within the rule applied in *Stoddard v. Kendall,* 140 Iowa, 688.

Without attempting an extended review of the testimony we may say we have read it all with as much thoroughness as the confused method of its presentation and the multiplication of abstracts and amendments will allow, and are fully satisfied that the result reached by the trial court is equitable and just.

The decision appealed from is therefore *affirmed.*