ANTON SHELANGOWSKI, Appellant, v. JOSEPHINE SCHRACK, ET AL., Appellees.

Conveyances: WANT OF CONSIDERATION: TRUSTS: PAROL PROOF. An absolute deed reciting the payment of a valuable consideration at the time it was executed cannot be defeated by showing that no consideration was paid; nor can the grantor establish an express trust in his favor by parol evidence.

Homestead: ELECTION BY OCCUPANCY. Where a surviving spouse occupied the homestead for more than ten years, without taking any steps to have his distributive share set aside to him, it will be presumed that he elected to take a homestead interest in the property.

Tenants in common: IMPROVEMENTS: EQUITABLE RELIEF. A tenant in common cannot burden the title of his co-tenant by improvements made on the common property on his own motion; but equity will often partition the common property in kind so as to give the co-tenant making the improvements that part of the land on which they are situated.

Same: REPAIRS: CONTRIBUTION. Ordinarily a co-tenant cannot be charged with repairs made to improvements already on the property, but in exceptional cases contribution may be enforced; and generally where an accounting for rents and profits is sought to be enforced against a co-tenant in possession, he may set off against the same the amount expended by him for necessary repairs, though as a rule he is not entitled to any affirmative relief therefor. To charge a co-tenant for repairs he must have expressly, or impliedly, agreed thereto; but the mere making of repairs, or their utility or necessity will not establish an implied agreement to pay therefor.

Life tenant: IMPROVEMENTS: LIABILITY OF REVERSIONER. A life tenant has no authority to charge the reversioner with valuable improvements placed upon the property by him.

Same: REPAIRS: LIABILITY OF LIFE TENANT. It is the general rule that a life tenant must at his own expense make such repairs to the property as are necessary to preserve it and prevent it from going

to waste; but he is not bound to make such extraordinary repairs
as involve a new structure, or parts thereof, for the old one.

*Appeal from Jefferson District Court.*—HON. F. M. HUNTER,
Judge.

MONDAY, NOVEMBER 17, 1913.

SUIT in equity to quiet plaintiff's title to certain real
estate in Jefferson county, Iowa. There are two counts in
the petition, in one of which plaintiff claimed to be the abso-
lute owner of the property, and another, in which he asserted
that he was the owner of an undivided part thereof, and in
which he asked to be allowed for improvements placed upon
the property. His claim to an absolute title is based upon the
proposition that, while the records show title in his wife, she
held the same in trust for him, and his claim to a part of
the lands is based upon the thought that he is entitled to the
same as surviving husband. Defendants denied that plaintiff
had or has any other title to the property than a life estate,
which he elected to take on the death of his wife, and denied
that he was entitled to anything for improvements placed upon
the property. There was also a petition of intervention in
the case, upon which issue was joined, and defendants by cross-
petition asked that their title be quieted, subject to plaintiff's
life estate. The case was tried to the court, resulting in a
decree substantially as prayed by the defendants and inter-
vener, and plaintiff appeals. *Affirmed.*

*Leggett & McKemey,* for appellant.

*J. P. Starr,* for appellees.

PER CURIAM.—The land in question, consisting of sixty
acres, was, on January 3, 1877, conveyed by Bernhart Hettick
and wife to plaintiff, and on the 16th day of April, 1877,
plaintiff conveyed the same to his wife Mary, for the ex-

pressed consideration of $500. It is claimed that there was an understanding between both of them that the same should be reconveyed to plaintiff, and that the wife, at a time when she was ill, agreed or desired to do so, but that because of her sickness plaintiff would not consent at that time to a reconveyance; that she afterward died very suddenly, with the title still in her name. Forty acres of the land were used as a homestead at the time of the wife's death, and plaintiff continued to use and occupy the entire premises after the death of his wife, and also made improvements upon the land, which the testimony shows amounted to something like $1,000. The wife died in February of the year 1889. After the death of his first wife, plaintiff reared a family of children until they were able to work for themselves, and each in turn left as soon as they had ability to do so. Plaintiff then remarried and raised a second family upon the property, using it all the time as a homestead. He was remarried something more than twenty years ago, and he did nothing toward having his rights in the land established until he commenced this suit in August of the year 1911. He used the timber upon the farm for making repairs upon the buildings, and sold some of it, and with the help of his older children, he dug a well and made the necessary repairs to the improvements which were on the place when his wife died. Until his children left home, and for some time thereafter, he drew their wages, and some of the testimony tends to show that plaintiff's claim to improvements is largely exaggerated; one of the witnesses saying that they did not add a dollar to the value of the land.

I. The testimony tends to show that the original conveyance to the first wife was due to the fact that he owed her approximately $1,300, and also in order to protect himself

1. CONVEYANCES:
want of consideration:
trusts: parol proof.

against signing some bonds as surety. But, however this may be, the deed is absolute on its face and recites a valuable consideration in hand paid. Under such circumstances, plaintiff cannot defeat the deed by showing that no consideration passed; nor

may he establish an express trust in his favor, for the statute prohibits such testimony.

There is no evidence tending to show either a resulting or a constructive trust, and plaintiff's claim to the entire property by reason of his having the beneficial ownership thereof must be denied. *Hoon v. Hoon,* 126 Iowa, 391; *Hemstreet v. Wheeler,* 100 Iowa, 290; *Hays v. Marsh,* 123 Iowa, 81; *Byers v. McEniry,* 117 Iowa, 499; *Luckhart v. Luckhart,* 120 Iowa, 248; *McClenahan v. Stevenson,* 118 Iowa, 106; *Byerly v. Sherman,* 126 Iowa, 447; *Tiffany v. Tiffany,* 103 Iowa, 133; *McCrum v. McCrum,* 127 Iowa, 540.

II.   But it is strenuously argued for appellant that he was and is entitled to a distributive share of one-third in fee of his wife's property, and that there has been no such election on his part as will defeat him thereof.   At the time of his wife's death, the Code of 1873 was in force, and the relevant statutes then read:

2. HOMESTEAD: election by occupancy.

Sec. 2007. Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law.

Sec. 2008. The setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the homestead as is contemplated in the preceding section.   But the survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased; but if there be no such survivor, the homestead descends to the issue of either husband or wife according to the rules of descent, unless otherwise directed by will, and is to be held by such issue exempt from any antecedent debts of their parents or their own.

Under these sections it has frequently been held that, if the survivor occupy the homestead for more than ten years without taking any steps to have the distributive share set aside, the presumption of an eletcion to take a homestead

arises, and that this presumption will prevail in the absence of proof of an election to the contrary. *Vide, Robson v. Lambertson,* 115 Iowa, 367; *Zwick v. Johns,* 89 Iowa, 550; *Egbert v. Egbert,* 85 Iowa, 525; *Schlarb v. Holderbaum,* 80 Iowa, 394; *McDonald v. McDonald,* 76 Iowa, 137; *Huit v. Huit,* 122 Iowa, 338. The rule is the same, although part of the tract is not homestead in character. *Schlarb v. Holderman,* 80 Iowa, 394.

There is no testimony here to rebut the presumption, aside from the merest inference, and, as said in the *Huit* case, *supra*: ". . . Where, . . . as in this case, the widow, without any other right to do so, has claimed and enjoyed exclusive occupancy for seventeen years, we think the presumption . . . must be considered as practically controlling." So that plaintiff has, at most, nothing but a life estate in the land. What are his rights, then, to reimbursement for repairs or improvements upon the land?

III. It is now the well-settled law of this state that one tenant in common cannot burden the title of his cotenant by improvements upon the common property made on his own

motion. *Frye v. Gullion,* 143 Iowa, 719; *Sears v. Munson,* 23 Iowa, 380. In a proper case for partition, equity will often so distribute the property in kind as to give to the one making improvements that part of the land upon which the cotenant placed the improvements; but it will not make the claim for improvements a charge upon the whole property. Freeman on Cotenancy, Sections 509, 510, and cases cited.

3. TENANTS IN COMMON: improvements: equitable relief.

Again, the same rule ordinarily applies to repairs made by one of the cotenants to improvements already upon the property. *Cooper v. Brown,* 143 Iowa, 482, and cases cited. In exceptional cases, contribution may be enforced, and generally speaking, if an attempt be made by a cotenant to hold another cotenant in exclusive possession for the rents and profits, the tenant in possession may set off, as against the claim for rents and profits, the amounts expended by him in necessary re-

4. SAME: repairs: contribution.

pairs; but he is not, as a rule, entitled to any affirmative relief because thereof. *Rich v. Moore,* 114 Iowa, 80; *Bergman v. Kammlade,* 109 Iowa, 305. In order to charge a cotenant even for necessary repairs, it must be shown that he agreed either expressly or impliedly to contribute to the expense thereof, and such an agreement will not be implied from the mere making of them or from their utility or necessity. *Cooper v. Brown, supra.* In the absence of demand upon or notice to a cotenant of the necessity of making repairs and of a request to unite therein, no agreement to contribute will be implied, although they were made with the knowledge and acquiescence of the cotenant. *Cooper v. Brown, supra.*

Aside from this, however, plaintiff is, as we have seen, nothing but a life tenant of a part of the property, and as such life tenant he could not charge the reversion with any valuable improvements placed by him upon the land.

5. LIFE TENANT: improvements: liability of reversioner.

If this were not the rule, he could seriously jeopardize the reversion. As a life tenant he had no implied authority to charge the reversion with anything. *Booth v. Booth,* 114 Iowa, 78; Tiedeman on Real Property, Sections 66, 68,; *Killmer v. Wuchner,* 79 Iowa, 722.

Again, it is the general rule that a life tenant must, at his own expense, make such repairs as are necessary to preserve the improvements and to prevent waste due to their getting into a state of dilapidation. Tiffany on Real Property, Sections 32-254. Of course, he is not bound to make extraordinary re-

6. SAME: repairs: liability of life tenant.

pairs, which involve the substitution of new structures for old, or parts thereof for old. *Suydam v. Jackson,* 54 N. Y. 450. But, if he does so, he would not be allowed direct reimbursement therefor from the reversioners.

Some other issues were in the case, which are not referred to in this opinion, as appellant makes no complaint of the findings thereon. The only doubtful proposition, if there be any, is the election of the plaintiff to take a life estate in the homestead in lieu of his distributive share; but even this seems

to be entirely foreclosed by our previous decisions. See, also, to same effect, *Deere v. Meyer*, 131 Iowa, 172; *Stoddard v. Kendall*, 140 Iowa, 688; *Gray v. Wright*, 142 Iowa, 225.

The decree of the district court seems to be correct, and it is *Affirmed*.

WEAVER, C. J., and DEEMER, GAYNOR and WITHROW, JJ., concur.