IN RE ESTATE OF GEORGIA H. DYER.

EDITH MURRAY, Executrix, Appellees, v. BEN DYER, Objector, Appellant.

No. 44445.

NOVEMBER 15, 1938.

J. A. Dyer and John E. Holmes, for appellant.

Howe & Howe, for appellees.

MITCHELL, J.—Georgia H. Dyer, wife of Ben Dyer, died on February 27, 1937, and on the 31st day of March following her will was filed and duly probated. After directing payment of debts, the will gave the husband a one-third interest in all of the property in lieu of his dower or distributive share, and then made certain specific bequests. The remainder of the estate was devised to decedent's niece, Edith Murray, who was named in the will as executrix without bond, and so qualified.

The executrix filed inventory, listing certain personal property of approximately the value of $250 and a certain piece of real estate of the value of about $3,000, upon which there was

a mortgage in the amount of $1,500. There was also a mortgage of $125 on the personal property.

On June 15, 1937, the husband filed objections and exceptions to the inventory, wherein he claimed all of the personal property as his own.

There was a trial, at which evidence was offered, and the court found that Ben Dyer was the owner of all of the personal property with the exception of a few items.

Thereafter the executrix filed an application, setting forth that the personal property belonging to the estate was of small value, not in excess of $250; that there was one piece of real estate, belonging to the decedent, which was subject to a mortgage of $1,500, upon which the interest had not been paid; that it was necessary to sell said real estate for the purpose of paying the debts and obligations of the estate, which were estimated at approximately $900, a large number of said claims having already been filed, and the claims on file exceeded the value of the personal property belonging to the estate. Objections to this application were filed by Ben Dyer. There was a trial, and the court entered an order directing the executrix to sell said real estate. Objector has appealed.

When the executrix made application for authority to sell real estate for the purpose of using the proceeds thereof in the payment of debts and the expenses of administering the estate, appellant had not made his election to take under the will or his distributive share under the law. Neither had he been required by notice to make such election.

Section 12007 of the 1935 Code is as follows:

"12007. Election between will and dower—notice. Where a voluntary election to take or refuse to take under a will has not been filed by a surviving spouse within sixty days from the date when the will of a decedent has been admitted to probate, it shall be the duty of the executor appointed to administer the will of such decedent in this state, to cause to be served, in the manner required for service of original notice, upon the surviving spouse, a notice in writing, advising such surviving spouse that the will of such decedent has been admitted to probate, stating the name of the court and the date when the will was admitted to probate, and requiring that such spouse, within six months after the completed service of such notice, elect whether

he or she shall take or refuse to take under the provisions of the will of such decedent, and that such election may be made in open court or by writing filed in such court."

Under the above quoted section it was the duty of the executrix, the surviving spouse having failed to elect, to serve notice upon him. This was not done.

In Jackson v. Grant, 224 Iowa 579, 586, 278 N. W. 190, 195, this court said:

"It is conceded that the right to distributive share is the primary right and that the election must be as to the homestead, and that the right to the distributive share continues until an election is made. It may be conceded that, as we said in Gray v. Wright, 142 Iowa 225, 227, 119 N. W. 612, and Joslin v. Beam, 187 Iowa 1090, 1099, 174 N. W. 930, ordinarily an election to take the homestead right is evidenced by the continued occupancy of the premises as a homestead by the surviving spouse and family, but that this is not conclusive. Whether a widow takes her distributive third right or the homestead right, there is a presumption, in the absence of evidence, that she took the former, and to overthrow the presumption it must be shown that there was an election to take the homestead."

There is no evidence in this record showing appellant elected to take the homestead in lieu of his distributive share; therefore the presumption that he took his distributive share is not overthrown, but continues.

In the case of Albright v. Albright, 153 Iowa 397, 133 N. W. 737, this court said at page 407, 133 N. W. at page 741:

"It is to be admitted that under the statute (Code, section 3270) the provision made for her in the will is presumed to have been intended in lieu of dower, but she cannot lawfully be denied her right to elect between the devise and her statutory share (Code, section 3376), and she is not put to her election until notice so to do is given her (Code, section 3377). No such notice is shown."

In view of the record in this case, that the appellant was not required by notice to elect between the devise in decedent's will and his statutory share, the application of the executrix to sell the homestead, the real estate involved in this estate, the

court was without authority to grant it, for it could not yet determine what property belonging to the estate was subject to the debts of the decedent and the expenses of administering her estate. We were not favored by any argument by appellee, as to her views upon the matter that confronts us.

It necessarily follows that the lower court erred in ordering the sale of the said property, and that judgment and decree of the lower court must be, and it is hereby, reversed.—Reversed.

Chief Justice and all Justices concur.